Boeing, J.,
dissenting:
The revenue laws of the United States provide that when the duties upon imported goods can.not be accurately ascertained at the time of entry, an estimate may be made of the duties payable, and on the deposit or payment of the amount of the estimate, and the delivery of a bond for the payment of any further duties that may be found due, the goods may be entered and delivered to the importer.
The duties so paid are called in the revenue laws “unascertained duties,” and this is a claim for an excess of $620.48, in-the estimate of such unascertained duties. And it is nothing more, for it has no connection with the 50 per cent, additional duties under the Joint Resolution 29th April, 1864, which the circuit court in New Orleans decided did not attach to the goods imported.
Previously to 1839, claims in cases of unascertained duties, or for duties illegally assessed, were recoverable only by a suit against the collector, and under the rules of the common law’ governing suits against agents, by which notice or protest against his action must be given to the agent before he pays-over the money. And it was found by a notorious experience that frauds were practiced by collectors, who retained large sums of money in their hands and use, on the pretense of awaiting litigation j and thus, in memorable instances, the United States w’ere subjected to great losses.
To remedy this the statute of March 3,1839, was iiassed,,. (5 Stat. L., 548,) by the second section of -which it was provided that all moneys received by collectors for unascertained duties, or duties paid under protest, should be paid directly into the Treasury by the collectors; and that whenever it should. *563 be shown to the satisfaction of the Secretary of the Treasury in any case of unascertained duties, or duties paid under protest, that more money had been paid than was actually due, he shall, by his warrant upon the Treasurer, refund it.
In 1844 the Supreme Court decided (3 How. R., 236) that, as • the statute of 1839 required the collector to pay the money received by him for unascertained duties, and duties paid under protest, directly into the Treasury, no action for such duties could be maintained against him. And in reference to the act of 1839 the court said: “We have no doubt of the objects or import of that act; we cannot doubt * * * that it controls both the position and conduct of collectors of the revenue; that it has denied to them every right or authority to retain any portion of the revenue for purpose of contestation or indemnity ; has. ordered and declared the collectors to be the mere organs of receipt and transfer; and has made the head of the Treasury Department the tribunal for the examination of claims for duties said to have been-improperly paid.” And the court then considered at length and affirmed the legality of the arrangement made by the statute as. to unascertained duties and duties paid under protest.
In consequence of this decision, (5 Stat., 459, note,) Congress passed the act of 1845, chapter 22, (5 Stat. L., 727,) which restored the suit against the collector for duties paid under protest, but which did not include or affect cases of unascertained duties, and thus left them, as before,-under the statute of 1839, which for them, in the words of the Supreme Court, “ made the head of the Treasury Department the tribunal.”
The distinction thus made by Congress between duties paid under protest and unascertained duties, by restoring to the former, and not to the latter, the judicial tribunal or right of suit, taken from both by the statute of 1839, declared the intent of Congress unmistakably to continue for cases of unascertained duties the tribunal made for them by the statute of 1839, viz, the head of the Treasury Department. And this arrangement has never been altered in the revenue laws. On the other hand, the Act 30th June, 1864, (13 Stat., 202,) reenacted it, for that act, in its fourteenth section, gave the right of suit for duties paid under protest, and did not give it in cases of unascertained duties, but in its seventeenth section *564 submitted those, as under previous acts, to the control of the Secretary of the Treasury.
I think this legislation, persistently maintained from 1839 to 1864, shows the intent of Congress to distinguish between cases of duties paid under protest and of unascertained duties, and to confine the latter to the control of the Secretary of the Treasury in the administration of the system of the revenue laws. And that this court cannot counteract the purposes or trench upon the administration of that system of laws was decided in WiehoVs Case, (7 Wall., 122.)
It was contended at the bar that this case was not within the decision of NichoVs Case, because the money claimed is not, and never was, any part of the revenue or income of the United States, but is simply money in the Treasury belonging to the claimants. That is the question submitted by the revenue laws to the Secretary of the Treasury, and his use or misuse of the facts that should guide his action does not authorize ours. His omission or refusal to exercise his jurisdiction under the revenue laws does not transfer it to us.
It is certain that the money claimed was paid under the revenue laws, and according to them; the case, therefore, is one arising under the revenue laws, and is thus within the careful language used by the Supreme Court instating their question, and carefully repeated in their adjudication of it. They thus state their question: “ Did Congress, in creating the Court of Claims, intend to confer on it the power to hear and determine cases arising under the revenue laws ¶ ” and their adjudication of it is stated thus: “We are satisfied that easesarising under the revenue laws are not within the jurisdiction of the Court of Claims.” And the reason given for the decision is that the revenue laws form a system involving the policy of the Government, and that policy, requires that cases arising under the revenue laws should be administered as those laws prescribe.
I think that this is a case “ arising"under the revenue laws,” and provided for by them, that we have no jurisdiction of it and that the petition should^be dismissed.